UNITED STATES DISTRICT COURT

MIDDLE DISCRICT OF LOUISIANA

DENISE LOBELL

CIVIL ACTION

VERSUS

DEPARTMENT OF AGRICULTURE, ET AL.

NO.:17-00496-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion to Dismiss for Improper Venue (Doc. 21)**, filed by Defendants seeking dismissal of Plaintiff Denise Lobell's lawsuit due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, Defendants request an order from this Court transferring Plaintiff's lawsuit to the United States District Court for the District of Puerto Rico. Plaintiff opposes the motion (Doc. 27). Defendants replied. (Doc. 30). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the following reasons, the motion is **GRANTED**.

I. BACKGROUND

Plaintiff seeks to appeal a decision by the Merit System Protection Board ("MSPB"), claiming that she was wrongfully terminated from a position with the Department of Agriculture. In Plaintiff's Amended Complaint she alleges that she accepted a position to work as an Entomologist for the Department of Agriculture on May 13, 2013. (Doc.16 at ¶ 20). Upon accepting the position, Plaintiff began requesting accommodations for her carpal tunnel syndrome. (*Id.* at ¶¶ 19–21, 23). Plaintiff insists that she did not report for duty in Puerto Rico on February 10, 2014,

because "the Agency did not comply with [her] request for reasonable accommodation." (*Id.* at ¶ 50). Plaintiff was terminated on August 14, 2015, and the MSPB upheld her termination. (*Id.* at ¶¶ 53–54). In her response to the motion to dismiss—but not her amended complaint—Plaintiff avers that her termination violated of the Rehabilitation Act of 1973 (Doc. 27 at. p. 2).[1]

## II. LEGAL STANDARD

### A. Venue

Under Federal Rule of Civil Procedure 12(b)(3) a party may move to dismiss a case for improper venue. Dismissal for improper venue is governed by 28 U.S.C. § 1406. Under that statute, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a).

When venue is challenged, the burden is on the plaintiff to establish that the venue is proper. *See E.E.O.C. v. Mustang Mobile Homes, Inc.*, 88 F. Supp. 2d 722, 724 (W.D. Tex. 1999)("[o]nce an objection to venue has been raised by the defendant, the plaintiff bears the burden of demonstrating that venue is proper in the district in which the action is pending.").

### B. Judicial Review of Decisions of the MSPB

Under the Civil Service Reform Act ("CSRA"), federal employees are entitled to review of adverse employment decisions. *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012).

---

[1] Plaintiff's complaint to the agency and appeal to the MSPB satisfies the Rehabilitation Act's exhaustion requirement. *See Kurth v. Gonzales*, 469 F. Supp. 2d 415, 424 (E.D. Tex. 2006).

The proper jurisdiction for judicial review of MSPB decisions turns on the nature of a plaintiff's claim. *Id.* at 45–46. Generally, "a petition to review . . . a final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1). However, cases that allege discrimination under certain enumerated statutes are appealable to a federal district court. *Id.* § 7703(b)(2); *Kloeckner*, 568 U.S. at 46.

> The following causes of actions are appealable to district courts:
>
> (i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16),
> (ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
> (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
> (iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
> (v) Any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph[.]

*Id.* §§ 7702, 7703(b)(2). A plaintiff may also bring a mixed case in a district court. *Kloeckner*, 568 U.S. at 56. A mixed case is "when an employee complains of personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination". *Id.* at 44.

III. Analysis

   A.   Plaintiff's Claim

Plaintiff argues that her Amended Complaint states a "mixed case" under the Rehabilitation Act of 1973. The proper venue for a mixed case is determined by the venue provision of the respective antidiscrimination statute. *See* 5 U.S.C. § 7703(b)(2). In her Amended Complaint (Doc. 16), Plaintiff states only that she seeks

review of the MSPB decision. Plaintiff does not specifically allege that the basis for her termination was discrimination prohibited by any of the enumerated statutes in 5 U.S.C. § 7702. It is only in her Opposition to Defendants' 12(b)(3) Motion (Doc. 27) where Plaintiff states that the basis for her claim is under the Rehabilitation Act of 1973 (Doc. 27 at p. 2).

Defendants claim that Plaintiff did not file her suit in accordance with § 7703(b)(2). (Doc. 30 at p. 1). Defendants argue that Plaintiff should have specified that she was bringing her claim under the Rehabilitation Act in her Amended Complaint. (Doc. 30 at p. 2). However, even if Plaintiff properly pleaded a claim under the Rehabilitation Act, Defendants allege that Plaintiff still did not file her suit according to the venue provisions applicable to her claim. Defendants also claim that Plaintiff did not name the proper parties for a suit under the Rehabilitation Act in her Amended Complaint (Doc. 30 at p. 3). Defendants move to have this case dismissed or alternatively transferred to the proper venue (Doc. 30 at p. 5).

Although Plaintiff's Amended Complaint never explicitly states that her claim is brought under the Rehabilitation Act, it is clear from the facts alleged that Plaintiff seeks review based on Defendants' failure to accommodate her carpal tunnel syndrome—however inartfully Plaintiff pleaded her claim. (Doc. 16 at ¶¶ 46–54). Therefore, the Court finds that Plaintiff states a mixed case claim.

Accordingly, the Court must next determine whether venue is proper under the Rehabilitation Act. When determining the proper venue for a Rehabilitation Act

claim, Title VII venue provisions of the Civil Rights Act are applied.[2] Venue is therefore proper:

> (i) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (ii) in the judicial district in which he employment records relevant to such practice are maintained and administered; (iii) in the judicial district in which the aggrieved persons would have worked but for the alleged unlawful employment practice; and (iv) if the respondent is not found in any of the previous districts, such an action may be brought within the judicial district in which the respondent has his principle office.

42 U.S.C. § 2000e-5(f)(3). In neither Plaintiff's Amended Complaint nor her Opposition does she provide any evidence to show that venue is proper in the Middle District of Louisiana. *See, e.g., Perez v. Pan American Life Ins. Co.*, 70 F. 3d 1268, No. 95-20298, 1995 WL 696803, at *3 (5th. Cir. Oct. 20, 1995) (unpublished) (per curiam) ("Once [Defendants] raised [their] venue objection, [Plaintiff] was required to come forward with evidence showing venue is proper."); *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 752 (S.D. Tex. 2002). If Plaintiff fails to provide evidence showing that venue is proper, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Plaintiff's Amended Complaint does not assert that the unlawful employment practices occurred in this district, that the relevant employment records are located in this district, or that the Plaintiff would have worked in this district had she not been terminated. To the contrary, all of the alleged acts and the employment position

---

[2] See 29 U.S.C. § 794a(a)(1); see also *Villalva v. Napolitano*, 09-125, 2009 WL 10700492, at *2 (W.D.Tex. October 21, 2009) ("In an action brought under the Rehabilitation Act, the venue provision of Title VII of the Civil Rights Act . . . governs.").

were in Puerto Rico. (Doc. 16 at ¶¶ 11, 14, 51, 53). It is not clear from the record where the relevant employment records are kept; however, Plaintiff has not provided any evidence that the records are kept in the Middle District of Louisiana. Plaintiff's Opposition is equally devoid of evidence that venue is proper in the Middle District of Louisiana (Doc. 27 at p. 2). Plaintiff has accordingly failed to carry her burden of establishing that venue is proper. *See Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 752

### B. Transferring Venue

The Court has the discretion to transfer cases to other districts where venue would lie. *See Caldwell v. Palmetto State Sav. Bank of S.C.* 811 F.2d 916, 919 (5th Cir. 1987). Applying the venue provisions featured in Title VII, the appropriate venue in this action would be the District of Puerto Rico. *See* 42 U.S.C. § 2000e-5(f)(3). Evidence shows that the alleged unlawful employment practices occurred in Puerto Rico (Doc. 16 at ¶¶ 51, 53) and that the entomologist position that Plaintiff was terminated from was located in the District of Puerto Rico (Doc. 16 at ¶¶ 11, 14). Accordingly, the Court will transfer this case to the District of Puerto Rico.

### C. Dismissal of Improper Parties

Under the Rehabilitation Act, "the head of the department, agency, or unit" is the proper respondent in a civil suit. 42 U.S.C. § 2000e-16(c). In her Amended Complaint, Plaintiff brings the action against the United States of America, the Secretary of Agriculture, and the Administrator of the Animal and Plant Health Inspection Service for the U.S. Department of Agriculture. (Doc. 16 at ¶ 6–8).

Plaintiff's suit against the United States and the Administrator of the Animal and Plant Health Inspection Service for the U.S. Department of Agriculture are improper for a claim brought under the Rehabilitation Act. Therefore, the claims against the improper parties are dismissed. *See id.* § 2000e-16(c).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's motion (Doc. 21) is **GRANTED**.

**IT FURTHER ORDERED** that the United States and the Administrator of the Animal and Plant Health Inspection Service are **DISMISSED** as parties to this suit.

**IT IS FURTHER ORDERED** that the above-captioned matter is transferred to the United States District Court for the District of Puerto Rico.

Baton Rouge, Louisiana, this 20th day of August 2018

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA